### COLUMBIA WIRE CO. v. KOKOMO STEEL & WIRE CO.

(Circuit Court, D. Indiana. March 22, 1904.)

No. 10,108.

1. PATENTS—INFRINGEMENT—IDENTITY OF COMBINATON.

A patent for a combination in a machine of three wheels, each of which is indispensable to the operativeness of the machine, is not infringed by a machine, also having three wheels, but one of which is an idler, and can be dispensed with at pleasure without affecting the working of the machine; such machine being in effect a two-wheel combination.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 370–373.]

2. SAME.

    The Bates patent, No. 365,723, for a wire barbing machine, construed, and *held* not infringed.

In Equity. Suit for infringement of letters patent No. 365,723, for a wire-barbing machine, granted to Albert J. Bates June 28, 1887. On final hearing.

John R. Bennett and Bakewell & Byrnes, for complainant. Thomas A. Banning (Ephraim Banning, Samuel W. Banning, Walker Banning, and C. C. Shirley, of counsel), for defendant.

ANDERSON, District Judge. Complainant alleges infringement of a combination patent. It consists of a combination of three butterfly wheels, each one of which is indispensable to the effective working of the combination. No one of the elements of the combination is new. Two of the wheels, in arrangement and function, are found in machines prior to the complainant's patent. The novelty in complainant's patent, if there be any patentable novelty in it, consists in adding to these two former wheels a third butterfly wheel, so arranged on a yielding arm as to serve the double function of turning the direction and indicating the tension of the wire. Defendant's contrivance also consists of a combination of three butterfly wheels, so arranged as to accomplish the same result as complainant's and also to work automatically. It is shown by the proofs, and it was demonstrated by an exhibition of one of the defendant's machines in operation on the hearing, that defendant's contrivance would work as rapidly and effectually when one of its butterfly wheels, the middle wheel, is omitted. This middle wheel is an idler, and, as shown upon the hearing, is not indispensable to the proper and effectual work of defendant's contrivance.

Complainant's counsel, on the hearing, freely and frankly admitted that defendant's contrivance, when operated without the middle wheel, is not an infringement of the complainant's patent. The question, then, is: Is a combination of three wheels, one of which is entirely dispensable, an infringement of a patent on a three-wheel combination, no one of which can be dispensed with? Or, in other words, is a three-wheel arrangement, one of the wheels of which may be omitted at will without affecting the working principle or effectiveness of the combination, in reality a two or three wheel combination? I am of the opinion that such a contrivance is really a two-wheel combination, and must be so considered, and that it does not infringe complainant's patent.

The bill should be dismissed for want of equity, and it is so ordered.